

| | |
|---|---|
| STATE OF MAINE<br>AROOSTOOK, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. _____ |

NORTHEAST PACKAGING COMPANY, )
INC., a business duly authorized under )
The laws of the State of Maine, )
                                        )
       Plaintiff                     )
                                        )
vs.                                      )       **COMPLAINT**
                                        )
THE HANOVER INSURANCE )
COMPANY, a stock company duly )
authorized under the laws of the )
Commonwealth of Massachusetts, )
                                        )
 and )
                                        )
CITIZENS INSURANCE COMPANY )
OF AMERICA, a subsidiary of )
The Hanover Insurance Company and )
duly authorized under the laws of )
the State of New Hampshire, )
                                        )
       Defendants              )

NOW COMES the Plaintiff, Northeast Packaging Company, Inc., by and through its attorneys, Eaton Peabody, and files its complaint against Defendants, The Hanover Insurance Company and Citizens Insurance Company of America, as follows:

1. Northeast Packaging Company, Inc.. (hereinafter "Northeast") is a Maine corporation duly organized under the laws of the State of Maine with a principal place of business in the Town of Presque Isle, County of Aroostook, State of Maine.

2. The Hanover Insurance Company and Citizens Insurance Company of America (hereinafter "Hanover") is a business duly organized under the laws of the State of New

Hampshire with a principal place of business in the City of Worcester, County of Worcester, Commonwealth of Massachusetts. Citizens Insurance Company of America (hereinafter "Citizens") is a subsidiary of Hanover. Hanover and Citizens are doing business as "The Hanover Insurance Group," and are licensed by the State of Maine to issue insurance under the laws of the State of Maine.

3. On or about May 13, 2009, Defendants reissued a Commercial Lines Policy to Northeast, that being policy number ZBP 6298046-07, effective May 13, 2009 (hereinafter "the Policy").

4. At all times material, said policy was in full force and effect.

5. Northeast timely notified Defendants of the loss occurring on August 7, 2009 caused by a fire at a certain property owned by Northeast; to wit, 56 Sincock Street, City of Caribou, County of Aroostook, State of Maine.

6. The Policy covered Northeast's building at 56 Sincock Street, Caribou, Maine and the contents of the building

7. Northeast made a timely claim to Defendants for payment for its damages sustained as a result of the fire under the Policy.

8. On or about March 15, 2010, Northeast submitted its Sworn Proof of Loss to Defendants which included the replacement value for three unassembled bag manufacturing machine lines that had been on the Caribou property at the time of the fire loss and that had been destroyed in the fire which replacement value for two of the bag manufacturing machine lines was $1,305,000 each and, for the third bag manufacturing machine line was $1,150,000.

9. On or about August 6, 2010, Defendants issued a letter to Northeast accepting coverage for some part of the damages claimed by Northeast and rejecting coverage for other parts of Northeast's claims for damages on the grounds set forth therein. Among the damages claimed by Northeast were three manufacturing machine lines which had been designed and built for the purpose of manufacturing various types of bags. In denying Northeast's claims for compensation for damages sustained for the loss of these three manufacturing machine lines, Defendants asserted that true replacements were available at a much lower cost.

10. By letter dated August 6, 2010 with an attachment thereto, Defendants responded to Northeast's Sworn Proof of Loss, asserting, in particular, that Northeast could obtain replacements for two of the bag manufacturing machines lines for $115,000 each and that the third could be replaced for $130,500.

11. Defendants' representations as alleged in Paragraph 11 were subject to Defendants' contractual obligations to Northeast and were subject as well to statutory requirements applicable to insurers licensed to do business in the state of Maine, including but not limited to 24-A MRSA §§2164-A and 2436-A.

12. At the request of Northeast, Defendants had subsequently advised that the information on which Defendants premised their assertion that true replacements were available for the manufacturing machine lines that had been lost, Defendants referred Northeast to Dean International Machinery, Inc. (hereinafter "Dean International") which had provided Defendants with a list of available manufacturing machine lines.

13. The information Defendants provided from Dean International indicated that the machine lines which Defendants asserted were actual replacements for the three manufacturing

machine lines that had been lost were owned by Wildwood Industries of Bloomington, Indiana.

14. Despite requests by Northeast for further information on the machine lines listed by Dean International, Defendants provided no further information.

15. By conducting a simple internet search on Wildwood Industries of Bloomington, Indiana., Northeast learned that there was a substantial likelihood that some or all of the machines on the Dean International list of Wildwood Industries machine lines had been used to conduct a massive fraud by Wildwood Industries of certain lending institutions.

16. On January 5, 2011, Northeast personally inspected the manufacturing machine lines and found that none of the machine lines were capable of fulfilling the functions of the manufacturing machine lines that had been lost.

17. On January 28, 2011, Northeast, by letter from counsel, advised counsel for Defendants that Wildwood Industries machine lines could not serve as true replacements for the three machine lines that had been lost and further advised that the Wildwood Industries machine lines had a questionable history.

18. To Northeast's knowledge, Defendants have never made any effort at any time to obtain any information on the machines listed on the Dean International Machinery list beyond the information that appears on that list, itself.

19. Defendants have not paid Northeast for the value of the three machine lines lost in the fire.

## COUNT I
### Declaratory Judgment

20. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 14 as if fully set forth herein.

21. Northeast had a valid insurance contract with the Defendants that was in effect as of the date of the fire of August 7, 2009.

22. Defendants owe an obligation to make payments to Northeast in full for all covered losses arising out of the fire of August 7, 2009.

23. Defendants have failed to pay Northeast in full for all covered losses arising out of the fire of August 7, 2009.

24. Northeast seeks a declaration of its rights under its contract with Defendants pursuant to 14 M.R.S.A. §5951, et seq.

WHEREFORE, Plaintiff prays that this Court declare that Defendants' policy cover the loss of August 7, 2009, and order that Defendants pay for Northeast's loss in full and in accordance with the terms of the policy and that Northeast be awarded its costs and all other relief as determined by this Court.

## COUNT II
### Breach of Contract

25. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 above as if fully set forth herein.

26. The policy issued by Defendants to Northeast constitutes a binding contract between the parties thereto.

27. Defendant's refusal to pay damages in full for the losses arising out of the August 7, 2009, policy constitutes a breach of the policy.

WHEREFORE, Northeast prays that this Court declare the rights of the Parties under the insurance contract and pursuant to the authority vested in this Court by 14 M.R.S.A. §5951, et

seq., to declare that Defendants owe Northeast monies as payment in full for Northeast covered losses, and awarded Northeast its costs and all other relief as determined by this Court.

## COUNT III
### Unfair Claims Practice Act

28. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 289 above as if fully set forth herein.

29. At all times, Defendants were obligated to conform to and comply with the terms of the Unfair Claims Practices Act, 24-A M.R.S.A. § 2164-D (hereinafter "the Act").

30. By asserting that manufacturing machine lines on the Dean International list owned by Wildwood Industries were replacements for the manufacturing machine lines Northeast lost in the fire of August 7, 2009 without properly and sufficiently investigating and assessing the history and status of the Wildwood machines lines, Defendants failed to comply with, among other things, 24-A MRSA §2164-D(3)(C) and (D) by failing to adopt and implement reasonable standards for settling claims such as Northeast's, including Northeast's claim, and by refusing to pay Northeast's claims without having conducted a reasonable investigation.

WHEREFORE, Northeast prays that this Court find that Defendants have violated the terms of the Unfair Claims Practices Act and that this Court order compensation to Northeast for all damages, costs and fees appropriate pursuant to said Act.

## COUNT IV

31. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 above as if fully set forth herein.

6

32. At all times, Defendants were obligated to conform to and comply with the terms of the Unfair Claims Settlement Practices Act, 24-A M.R.S.A. § 2436-A (hereinafter the "Settlement Act").

33. By asserting that manufacturing machine lines on the Dean International list owned by Wildwood Industries were true replacements for the manufacturing machine lines Northeast lost in the fire of August 7, 2009, Defendants failed to effectuate a prompt, fair, and equitable settlement of Northeast's claims when Northeast's liability for Northeast's claim in this regard had become reasonably clear.

34. Defendants' conduct as described in Paragraph 25 and elsewhere herein violated, among other things, 24-A MRSA §2436(1)(E) of the Unfair Claims Settlement Practices Act.

WHEREFORE, Northeast prays that this Court find that Defendants have violated the terms of the Unfair Claims Settlement Practices Act and that the Court order compensation to Northeast for all damages, costs, attorneys and related fees as appropriate pursuant to the Settlement Act.

Dated at Bangor, Maine, this 2nd day of August, 2011.

PLAINTIFF, Northeast Packaging Company, Inc.,

BY _____
Timothy C. Woodcock, Esq., Bar No. 1663
Eaton Peabody
80 Exchange Street
P. O. Box 1210
Bangor, Maine 04402-1210
Tel. (207) 947-0111
E-mail: twoodcock@eatonpeabody.com